A90A1426. APPERSON v. THE STATE.
(398 SE2d 33)

McMURRAY, Presiding Judge.

Defendant was convicted of driving under the influence of alcohol and speeding. The sole issue on appeal is whether the trial court erred in permitting the arresting officer to testify about field sobriety tests administered to defendant. The field tests consisted of verbal and physical tasks; they did not involve a breath test. Nevertheless, defendant objected to the officer's testimony on the ground that the officer failed to give him a breath test in compliance with Rule 92-3-.06 (3) of the Rules & Regulations of the State of Georgia. *Held*:

Although Rule 92-3-.06 (3) of the Rules & Regulations of the State of Georgia provides that an "initial alcohol screening test shall be a breath test" performed on a device of a design approved by the Director of the Division of Forensic Sciences, the rules do not require the giving of any such alcohol screening test by an arresting officer. On the contrary, Rules 92-3-.06 (1) and 92-3-.06 (2) plainly provide

that alcohol screening tests may or may not be performed at the discretion of the arresting officer. Thus, it is only when a breath test is given by the arresting officer that it must be performed on an approved device. If no such breath test is given, Rule 92-3-.06 (3) does not come into play. It follows that the trial court did not err in permitting the arresting officer to testify about field sobriety tests administered to defendant.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1990.

*T. Peter O'Callaghan, Jr.,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.